UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In re<br><br>**JOHN W BLOEMENDAAL**,<br><br>    Debtor. | Case No.  **16-60059-7** |
| **JEREMIAH J FOSTER**,<br><br>    Plaintiff.<br><br>-vs-<br><br>**JOHN W BLOEMENDAAL**,<br><br>    Defendant. | Adv No.  **16-00047** |

# MEMORANDUM OF DECISION

At Butte in said District this 22nd day of December, 2016.

In this adversary proceeding seeking exception from discharge under 11 U.S.C. § 523(a)(2)(A), after due notice a hearing was held at Great Falls on November 4, 2016, on the Motion to Dismiss filed by Debtor/Defendant John W. Bloemendaal on August 29, 2016, pursuant to Fed. R. Civ. P. 12(b)(6) (applicable in adversary proceedings under F.R.B.P. 7012(b)) for failure to state a claim, and on the Plaintiff's response in opposition and Motion for Leave to File First Amended Complaint filed on October 3, 2016.  Both motions are contested.

1

The Plaintiff was represented at the hearing by attorney Trent N. Baker ("Baker") of Missoula, Montana. The Debtor/Defendant was represented at the hearing by attorney Trent M. Gardner ("Gardner") of Bozeman, Montana. The Court heard oral argument on both matters. No exhibits or witness testimony were offered. At the conclusion of counsels' argument the Court took the Motions under advisement. After review of the Motions, responses, counsels' arguments, and applicable law, Defendant's Motion to Dismiss will be denied and Plaintiff's Motion for Leave to File First Amended Complaint will be granted under the liberal policy of allowing amendments under F.R.B.P. 7015 (applying Rule 15 in adversary proceedings).

This Court has jurisdiction of the above-captioned Chapter 7 bankruptcy case under 28 U.S.C. § 1334(a). Plaintiff's complaint seeking a dischargeability of debt under § 523(a)(2)(A) is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

Plaintiff is the Trustee for the estate of Shoot the Moon, LLC ("STM"), which is the Debtor in a Chapter 11 bankruptcy case pending in this Court, No. 15-60979-11. The Defendant is a Debtor who filed a voluntary Chapter 7 bankruptcy on February 5, 2016. Defendant's Statement of Financial Affairs lists Defendant at Part 11, item no. 27, as a member of several limited liability companies ("LLC") which merged as STM.[1]

On July 29, 2016, Plaintiff commenced the instant adversary proceeding by filing a complaint to except from discharge debts owed by Defendant to STM[2] as a result of alleged

---

[1] Defendant signed his Petition, Schedules, and Statement of Financial Affairs on February 5, 2016, declaring under penalty of perjury that his answers are true and correct. The Court takes judicial notice of Defendant's sworn statements in his Schedules and Statements under FED.R.EVID. 201(c)(1).

[2] The Court takes judicial notice that Plaintiff's counsel, on September 13, 2016, filed Proof of Claim No. 40 in Defendant's bankruptcy case on behalf of STM. An amended Proof of

fraudulent conveyances by Defendant under 11 U.S.C. § 523(a)(2)(A). The complaint avers that Defendant, with knowledge of STM's financial and management problems and the risk to his own finances and net worth due to his personal guarantee of STM debt, and with actual intent to hinder, delay and defraud STM and its creditors, transferred his family residence and a five-acre estate located on Bayshore Drive on Flathead Lake in Polson, Montana (the "Flathead Lake property") into two Qualified Personal Residence Trusts ("QPRTs").

Defendant filed his Motion to Dismiss on August 29, 2016, for failure to state a claim under Rule 12(b)(6). Defendant contends that Plaintiff lacks standing, that exceptions to discharge are narrowly construed, and that the complaint does not prove the elements of a § 523(a)(2)(a) fraud claim under Ninth Circuit authority. *See In re Weinberg*, 410 B.R. 19, 35 (9th Cir. BAP 2009). Defendant acknowledges the recent United States Supreme Court decision *Husky Intern. Elect., Inc. v. Ritz* ("*Ritz*"), 578 U.S. __, 136 S. Ct. 1581 (2016), which held that fraudulent transfers may sometimes amount to actual fraud under § 523(a)(2)(A), but notwithstanding Defendant argues that such is a tailored remedy for behavior connected to specific debts. 136 S. Ct. at 1589.

Further, Defendant argues that any exception from discharge under § 523(a)(2)(A) would be rare because the Supreme Court in *Ritz* applied the discharge exception to the transferee, not to the transferor. Defendant contends that the complaint fails to specify any obligation which Plaintiff believes should be excepted from discharge, and fails to specify any obligation "obtained" by any fraudulent acts to which *Ritz* might apply. Lastly, Defendant contends that the

---

Claim 40 was filed on September 21, 2016, asserting an unsecured, nonpriority claim in the amount of $2,140,000, arising from several claims including fraud and fraudulent transfers. To date, no objection has been filed by the Debtor to allowance of Proof of Claim 40.

complaint fails to state the circumstances constituting fraud with particularity, such as the date, time, or how the transfers might be considered fraudulent with respect to STM, as required under Rule 9(b) (applicable under F.R.B.P. 7009).

On October 3, 2016, Plaintiff filed a response in opposition, and the pending Motion for Leave to File First Amended Complaint ("FAC"). Plaintiff argues that he filed Proof of Claim No. 40 in Defendant's Chapter 7 case, which with the FAC provides additional detail of Defendant's fraudulent conduct and therefore is sufficient under Rule 9(b). Plaintiff contends that the *Ritz* decision held that § 523(a)(2)(A) encompasses fraudulent conveyance schemes and transfers of assets which impair a creditor's ability to collect a debt. *Ritz*, 136 S. Ct. at 1586-87. Plaintiff asserts standing by clarifying that he seeks exception from Defendant's discharge only debts owed by Defendant to the STM estate, which is the basis for Plaintiff's Proof of Claim 40.

Plaintiff contends that Defendant's Motion to Dismiss relies on the dissent in *Ritz*, while the majority decision rejected the dissent's arguments that the discharge exception applies only to debts "obtained by" the alleged fraudulent, or that the Defendant must be the recipient of the fraudulent transfer. Plaintiff argues that the majority decision in *Ritz* continued the old English bankruptcy practice to use the term "fraud" to describe a transfer of assets that impairs a creditor's ability to collect the debt. *Ritz*, 136 S. Ct. at 1587, 1590. Since Plaintiff filed a Proof of Claim in Defendant's Chapter 7 case on behalf of STM, as averred in the FAC, Defendant argues that nothing more is required and the Defendant's Motion to Dismiss under Rule 12(b)(6) should be denied.

Plaintiff's FAC adds a list of negligent acts by Defendant in managing STM. It repeats the allegations of the fraudulent transfers by Defendant and his spouse of their residence and

4

Flathead Lake property to the two QPRTs, and adds at paragraph 20 allegations that Defendant is indebted to STM for avoidable payments made to Defendants within the last 4 years in the amount of $1,140,000, and payments within 1 year of $182.986. Count I of the FAC repeats the § 523(a)(2)(A) claim for exception from Defendant's discharge of the debt owed by Defendant to STM.

      Plaintiff's Motion for leave to file the FAC is based on Rule 7015 which applies Rule 15 in adversary proceedings, including Rule 15(a)(2) which states that the "court should freely give leave [to amend] when justice so requires." Plaintiff argues that the FAC is his first request to amend his complaint, and no showing or argument of bad faith, prejudice or undue delay exists in this adversary proceeding as no scheduling order is yet entered and the proceeding is in its initial stages.

      Defendant filed a combined reply in support of his Motion to Dismiss and opposition to Plaintiff's Motion for leave to amend. Defendant argues that the FAC continues to fail to state a claim upon which relief can be granted because of the deficiencies and narrow holding of *Ritz*, and argues that allowing amendment is futile. Defendant asks that the adversary proceeding be dismissed with prejudice because Plaintiff's claims "are premised upon a mistake in law, they are categorically defective and cannot be cured by further amendment." Debtor opposes Plaintiff's proposed amendment arguing further amendment is "futile in consideration of the overarching mistake of law upon which the claims are premised[.]"

      Defendant repeats that the debt must be "obtained by" the alleged fraudulent acts in order for the § 523(a)(2)(A) discharge exception to apply, and that the dicta in *Ritz* would apply only sometimes in rare cases and unusual circumstances. With respect to the FAC, Defendant argues

5

that it fails to plead fraud or fraudulent transfer with the particularity required under Rule 9(b) and implicates duties for a LLC member which do not exist.

Defendant's Motion to Dismiss the original complaint will be moot if the Court allows Plaintiff to amend his complaint, because the FAC would supplant the original. Notwithstanding, the Court will address Plaintiff's Motion to Dismiss as it relates to the FAC in order to preserve judicial resources instead of forcing Plaintiff to file another motion to dismiss the FAC.

## DISCUSSION

Amendment of a complaint is governed by Rule 15(a), applicable to this Adversary Proceeding under F.R.B.P. 7015. Rule 15(a) allows a party to amend its pleading once as a matter of course under certain circumstances not present here. In these circumstances Rule 15(a)(2) provides that a party "may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Defendant does not consent.

The Ninth Circuit addressed amendment under Rule 15(a) in *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990):

> Under Fed.R.Civ.P. 15(a), after twenty days from the date when the initial complaint was served, "a party may amend [its] pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Although the rule should be interpreted with "extreme liberality," *United States v. Webb*, 655 F.2d 977, 979 (9th Cir.1981), leave to amend is not to be granted automatically. A trial court may deny such a motion if permitting an amendment would prejudice the opposing party, produce an undue delay in the litigation, or result in futility for lack of merit. *See Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L.Ed.2d 222 (1962) (listing these factors among others to be considered). Prejudice to the opposing party is the most important factor. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330-31, 91 S. Ct. 795, 802-03, 28 L.Ed.2d 77 (1971) (trial court "required" to take

potential prejudice into account in deciding Rule 15(a) motion);  6 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure: Civil 2d* 1487 (1990).

Debtor does not allege prejudice, which is the most important factor, or undue delay.[3] Rather, Defendant argues that Plaintiff's proposed amendment is futile.  For the reasons discussed below and given the "extreme liberality" with which Rule 15(a)(2) must be interpreted, *Jackson*, 902 F.2d at 1387, Debtor's Motion for Leave to Amend will be granted.

Bankruptcy Rule 7008 sets forth general rules for pleadings in adversary proceedings in bankruptcy.  Rule 7008(a) provides that Civil Rule 8 generally applies in adversary proceedings.  Civil Rule 8 lays out general rules for pleading in litigation in federal court.  Rule 8(a)(2) provides that a claim for relief must contain no more than "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."

Rule 12(b)(6) authorizes a party to assert by motion a defense of "failure to state a claim upon which relief can be granted[.]"  For a long time in the Ninth Circuit, the law was that a complaint should not be dismissed for failure to state a claim "unless it appears beyond a doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Evanns v. AT&T Corp.*, 229 F.3d 837, 839 (9th Cir. 2000); *Wright v. Riveland*, 219 F.3d 905, 912 (9th Cir. 2000).

A district court explained:

> During this threshold review, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the

---

[3]  This Adversary Proceeding is in its infancy and the Court has not yet entered a scheduling order.  Generally, the scheduling order would provide a deadline for the parties to file a request for amendments to the pleadings or to join additional parties in the action, if allowed.  The instant request to amend certainly falls within a deadline that has not yet been set, making it difficult for the other party to argue prejudice or undue delay.

claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *overrruled on other grounds*, *Davis v. Scherer*, 468 U.S. 183 (1984). Moreover, the court must accept PaineWebber's factual allegations as true, liberally construing the complaint and drawing all reasonable inferences in PaineWebber's favor. [*Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99 (1957)]; *Walleri v. Federal Home Loan Bank of Seattle*, 83 F.3d 1575, 1580 (9th Cir.1996).

*PaineWebber Inc. v. Banyan Corp.*, 2000 WL 1132095, *2 (D. Or.)

In 2009, the United States Supreme Court imposed a "plausibility standard" under Rule 12(b)(6) as follows:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007)]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S. Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.*, at 557, 127 S. Ct. 1955 (brackets omitted).

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.*, at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556, 127 S. Ct. 1955. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. 490 F.3d, at 157–158. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *see also Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054-55 (9th Cir. 2011).

After *Iqbal*, dismissal under Rule 12(b)(6) "may be based on either the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory." *In re Tracht Gut, LLC*, 503 B.R. 804, 810 (9th Cir. BAP 2014); *In re Sann*, 546 B.R. 850, 855 (Bankr. D. Mont. 2016).

The Ninth Circuit explained:

> [W]e begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. We disregard threadbare recitals of elements of a cause of action, supported by mere conclusory statements. After eliminating such unsupported legal conclusions, we identify well-pleaded factual allegations, which we assume to be true, and then determine whether they plausibly give rise to an entitlement to relief. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face; that is, plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

[*Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010)] (citations, alterations and internal quotation marks omitted); *see Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

*Alvarez v. Chevron Corp.*, 656 F.3d 925, 930-31 (9th Cir. 2011) (quoting *Telesaurus*).

The Court further notes that in *Telesaurus* the court concluded that the district court

abused its discretion by granting a Rule 12(b)(6) motion to dismiss while denying leave to amend a complaint. 623 F.3d at 1006. The court wrote that leave to amend can be denied only if a court determines that "allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency, . . . [citing case], or if the plaintiff had several opportunities to amend its complaint and repeatedly failed to cure deficiencies, *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L.Ed.2d 222 (1962)." *Telesaurus*, 623 F.3d at 1003; *Alvarez v. Chevron Corp.*, 656 F.3d at 935. Defendant moves for dismissal of the adversary proceeding with prejudice, even though the Plaintiff has moved only once to date for leave to amend, without allowing for the possibility of leave to amend which appears necessary before dismissal under *Alvarez* and *Telesaurus*.

Factual allegations in a complaint "must be enough to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, and must be adequate to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. 662, 129 S. Ct. at 1949. However, dismissal on the pleadings is appropriate only if the complaint fails to plead facts sufficient "to raise a reasonable expectation that discovery will reveal evidence" supporting relief. *Twombly*, 550 U.S. at 556.

Turning to the FAC in the instant adversary proceeding, it includes a section "Factual Background" beginning at page 3 enumerating facts at paragraphs 8 through 20. The facts alleged by Plaintiff in the FAC include that the Defendant is a member of STM and was actively and personally involved in the decisions leading up to STM's bankruptcy filing. The FAC avers that Defendant engaged in several specific negligent acts and failures to act in the management of STM, including: failing to have a qualified CPA or accountant to manage STM's financial affairs; breaching a duty of care hiring and allowing unqualified persons to oversee STM's

financial affairs; allowing commingling of funds; failing to compile accurate financial information for STM; and authorizing borrowing of funds well beyond STM's ability to repay. It further avers that Defendant received payments from STM in the last 4 years totaling $1,140,000 and payments within the last year in the amount of $182,986.02, and that with knowledge of STM's financial problems, Defendant transferred his family residence in Great Falls and the Flathead Lake 5-acre property into two QPRTs with actual intent to hinder, delay and defraud STM.

Count I of the FAC incorporates the factual allegations and seeks a judgment against Defendant under § 523(a)(2)(A) to except STM's claim from Defendant's discharge based on the alleged fraudulent transfers of Defendant's residence, of Defendant's 5-acre Flathead Lake property and of the payments Defendant received from STM.

After review of the FAC, this Court concludes that the "Factual Background" section does not merely recite the elements of a cause of action, or unsupported legal conclusions or conclusory statements, or legal conclusions couched as factual allegations that were inadequate in *Twombly* and *Iqbal*. Paragraphs 8 through 20 aver Defendant's active involvement in STM and acts which caused STM's financial losses and ultimate bankruptcy, including commingling funds and misrepresenting STM's financial affairs, while at the same time averring that Defendant received specific avoidable payments from STM of over $1,140,000 during specific periods of time, and that Defendant transferred specific properties, *viz.*, his residence and Flathead Lake property, to QPRTs in what Defendant characterizes as "estate planning."

This Court considers these allegations well-pleaded factual allegations, which it assumes to be true. *See, Telesaurus*, 623 F.3d at 1003. They are not threadbare recitals of the elements of

a cause of action and are not mere legal conclusions. After assuming their veracity, the Court next determines whether they plausibly give rise to an entitlement to relief. *Iqbal*, 556 U.S. at 678-79.

Defendant argues that Plaintiff's claims are not plausible under § 523(a)(2)(A) because the Plaintiff's debts were not obtained by the alleged actual fraud. In *Ritz*, where the debtor was both the transferor and transferee in a fraudulent conveyance scheme, the Supreme Court took no position on whether the subject debt was "obtained by" the scheme, but reversed the lower courts' holdings that fraudulent transfers were not "obtained by . . . actual fraud" under § 523(a)(2)(A) and left it to the Fifth Circuit to decide on remand whether debts from fraudulent transfers could be "obtained by" a fraudulent transfer scheme. *Ritz*, 136 S. Ct. at 1589 n. 3, 1590.

Defendant characterizes the majority reasoning as dicta. It is, however, binding precedent, and the Supreme Court wrote that "at least sometimes a debt 'obtained by' a fraudulent conveyance scheme could be nondischargeable under § 523(a)(2)(A)." *Ritz*, 136 S. Ct. at 1589. The Court further wrote that while such circumstances may be rare, "they make clear that fraudulent conveyances are not wholly incompatible with the 'obtained by' requirement." *Id.* The majority concluded: "Because we must give the phrase 'actual fraud' in § 523(a)(2)(A) the meaning it has long held, we interpret 'actual fraud' to encompass fraudulent conveyance schemes, even when those schemes do not involve a false representation.[4] *Id.* at 1590.

The reference to "long held" in *Ritz*'s conclusion refers to the Court's observation that

---

[4]This Court expects that the decision in *Ritz* will require a reworking of the 5-element test to prevail on a § 523(a)(2)(A) claim cited in *Weinberg*, 410 B.R. at 35 (citing Ninth Circuit cases).

"from the beginning of English bankruptcy practice, courts and legislatures have used the term 'fraud' to describe a debtor's transfer of assets that, like Ritz' scheme, impairs a creditor's ability to collect the debt." *Ritz*, 136 S. Ct. at 1587. This quote describes the allegations in Plaintiff's FAC, which allege that Defendant took transfers of money from STM, during the period prior to STM's bankruptcy, and then conveyed his residence and Flathead Lake property to QPRTs to put them out of the reach of creditors seeking to collect their debts. Taking these factual statements as true, in this Court's view, the FAC states a claim to relief that is plausible on its face. *Iqbal*, 556 U.S. at 678-79; *Twombly*, 550 U.S. at 570.

In discussing the history of fraudulent conveyance laws, the Supreme Court discussed the Statute of 13 Elizabeth, whereby "Parliament made it fraudulent to hide assets from creditors by giving them to one's family, friends, or associates." *Ritz*. 136 S. Ct. at 1587. The Supreme Court wrote: "The degree to which this statute remains embedded in laws related to fraud today clarifies that the common-law term 'actual fraud' is broad enough to incorporate a fraudulent conveyance." *Id.* Plaintiff's FAC seeks judgment against Defendant for fraudulent transfers of his residence and Flathead Lake properties to QPRTs, which Defendant admits are for estate planning purposes. Whether such transfers are encompassed within the historical meaning of fraud as discussed in *Ritz* is not before the Court at this time; but after due consideration the Court finds and concludes that Plaintiff's § 523(a)(2)(A) claims in the FAC are plausible enough to survive Defendant's Rule 12(b)(6) Motion to Dismiss.

**IT IS ORDERED** that a separate Order shall be entered as follows:

1. Denying Debtor/Defendant John W. Bloemendaal's Motion to Dismiss filed August 29, 2016 (Doc. 5); and

2. Granting Plaintiff's Motion for Leave to File First Amended Complaint filed October 3, 2016 (Doc. 16).

_____
Honorable Ralph B. Kirscher
Chief U.S. Bankruptcy Judge